## J. C. HUBBARD, Adm'r. *v.* HUGH EWING, Adm'r.

1. CHANCERY JURISDICTION.  *To enjoin judgment at law.*  An administrator filed a bill to enjoin a judgment at law, alleging that it was obtained against him upon a note to which his intestate's name had been signed without his authority, and that he did not make defence to the action at law, because of his ignorance of the fact.

 *Held,* not a sufficient ground for Chancery interference.

2. SURETIES ON ADMINISTRATION Bond.  *When not liable on.*  The sureties on an administration bond cannot be made liable to a ward whose guardian had accepted the note of their principals, in payment and satisfaction of the distributive share of their intestate's estate going to the ward.

FROM DAVIDSON.

Appeal from the Chancery Court.  E. H. EAST, Chancellor.

J. J. TURNER for Hubbard.

M. M. BRIEN for Smith.

NICHOLSON, C. J., delivered the opinion of the Court.

In 1850, Josiah Smith and Bernice Bender administered on the estate of Pleasant Smith, and gave bond in $40,000, with sureties.  In October, 1858, they executed their note for $2,066 56, to Jos. L. Ewing, as guardian of P. A. Smith and W. C. Smith, minors of

Pleasant Smith, deceased, as the distributive share going to them.     W. C. Smith afterwards assigned her interest in the note to P. A. Smith.

This note was sued on in 1867, by Hugh Ewing, administrator of Jos. L. Ewing, for the use of P. A. Smith, and judgment entered on the 13th of February, 1869, for $3,301 64.

In February, 1870, J. C. Hubbard, as administrator of Bernice Bender, who died in 1866, filed his bill enjoining the judgment on the note, alleging that it had been signed by Josiah Smith, without authority from his co-administrator, Bernice Bender, and, as a reason for not defending at law, that he was ignorant of the fact.

The bill was demurred to for want of equity, but overruled, with leave to rely on it at the hearing.

P. A. Smith then answered, and filed his cross-bill insisting on the validity of the judgment, and making the sureties of the administrators of Pleasant Smith, defendants.

The cross-bill was demurred to for various reasons, but the demurrer was overruled.

On the hearing, the Chancellor dismissed the original bill for want of equity, and gave judgment on the injunction bond; he gave relief on the cross-bill by rendering a decree against the sureties for the amount of the judgment at law, and ordered execution for the amount against all the parties.

It is clear that no sufficient reason is given in the original bill for the failure of Hubbard to make de-

fence to the suit at law on the note, and it is equally clear upon the proof, that the defence now relied on, could not have been successfully made. Although the name of Bender was signed to the note by his co-administrator, Smith, the proof makes it manifest that it was done with Bender's consent; at least, that he afterwards ratified the act and recognized the note as binding.

We are, therefore, of opinion, that there was no error in the decree dismissing the original bill, and giving judgment against the complainant and his surety in the injunction bond.

The main purpose of the cross-bill was to bring the sureties on the administration bond, to make them responsible for the amount of the judgment against the administrators. We think it satisfactorily appears from the pleadings and the proof, that the note for $2,006 was executed by Smith and Bender, and received by Ewing as guardian, in payment and satisfaction of the amount in their hands as administrators, and that this was a discharge of the sureties on the administration bond. It was, in legal effect, a lending of that amount of the funds of his wards by the guardian to Smith and Bender, for which they were personally liable.

It follows that the Chancellor erred in rendering judgment against the sureties on the administration bond on the cross-bill, but that the cross-bill ought to have been dismissed. This part of the decree will be reversed, with costs against the complainant in the original

bill, and the decree dismissing the original bill will be affirmed with costs, against Hubbard as to that bill.